UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NEW HORIZON SURGICAL CENTER, LLC,

            Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY,

           Defendant.

**MEMORANDUM & ORDER**
23-CV-6663 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff New Horizon Surgical Center commenced this action on July 17, 2023, in the Supreme Court of New York, Nassau County, against Defendant Liberty Mutual Insurance Company. ECF No. 1-1 (Plaintiff's Complaint). Defendant removed the case to this Court on September 7, 2023, based on diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1 (Notice of Removal). Plaintiff seeks payment of outstanding medical bills, totaling $1,494,562.44 plus interest in addition to costs and disbursements pursuant to § 13-g of the New York Workers' Compensation Law ("WCL") or, in the alternative, under a quasi-contract theory. ECF No. 1-1 at 7–9.[1]

    On October 19, 2023, Defendant moved to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF No. 14-3 (Defendant's Motion to Dismiss). Plaintiff opposed the motion. *See* ECF No. 16 (Plaintiff's Opposition). For the reasons set forth below, the Court grants in part and denies in part Defendant's motion.

---

[1] The Court refers to pages assigned by the Electronic Case Files System ("ECF").

## BACKGROUND[2]

Plaintiff is a medical care provider located in New Jersey that provides medical treatment to individuals who work in New York. ECF No. 1-1 at 4. Defendant is an insurance carrier doing business in New York. *Id.* Between February 2017 and January 2019, Plaintiff provided medical treatment and services totaling $1,604,288.01 to workers who sustained injuries or illnesses during the course of their employment ("Injured Workers"). *Id*. at 3, 6, 13–14. Defendant "provided, insured, or administered" insurance policies to these Injured Workers. *Id.* at 6. The Injured Workers filed claims seeking coverage under the WCL for their work-related injuries or illnesses, and the New York State Workers' Compensation Board (the "WCB") assigned a discrete claim number for each individual's claim. *Id*. Plaintiff billed Defendant for the medical treatment and services it provided to the Injured Workers. *Id.* Defendant "did not issue proper payment, make an objection to payment, or make a reasonable request for additional information within 45 days of the submission of any of the [b]ills." *Id.* To date, Defendant has paid $109,725.57 toward Plaintiff's total bill, "leaving a balance due of $1,494,562.44." *Id*. at 7.

## DISCUSSION

In an August 15, 2024, decision, Chief Judge Brodie stayed a worker's compensation case with substantially similar facts to this one pending the WCB's adjudication. *See Surgicore Surgical Ctr., LLC v. Liberty Mut. Ins. Co.*, No. 23-cv-7462, 2024 WL 3835149 (E.D.N.Y. Aug. 15, 2024). For the reasons set forth below, I find the rationale underpinning Judge Brodie's

---

[2]   For all allegations in Plaintiff's Complaint, ECF No. 1-1, the Court is "required to treat [Plaintiff's] factual allegations as true, drawing all reasonable inferences in favor of Plaintiff[] to the extent that the inferences are plausibly supported by allegations of fact." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021). The Court therefore "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as we have no way of knowing at this stage what are the true facts." *Id.*

2

well-reasoned decision applicable to this case, and therefore conclude as she did that a stay is warranted here.

As in *Surgicore*, Defendant argues that this case should be dismissed because the WCB has exclusive jurisdiction over this dispute. ECF No. 14-3 at 5; *Surgicore*, 2024 WL 3835149, at *4. Plaintiff counters that it has no administrative remedies available under the WCL because the 2019 amendment of WCL § 13-g—which now permits out-of-state providers to seek recourse from the WCB—does not apply retroactively. *See* ECF No. 16 at 8–9. The same argument was made in *Surgicore*, and Judge Brodie concluded that WCL § 13-g, as amended effective January 1, 2020, does apply retroactively because the WCL is "remedial in nature" and "the 2019 amendments do not create new substantive rights." *Surgicore*, 2024 WL 3835149, at *5. I adopt the same analysis here.

Plaintiff also argues, as in *Surgicore*, that the doctrine of primary jurisdiction is not triggered because "[t]here is no concurrent jurisdiction between the WCB and the [Court] in this matter, because the WCB never had the power to permit out-of-state [medical care providers] to request recourse through the WCB's [administrative] processes for disputed out-of-state [medical care providers'] bills for dates of service prior to January 1, 2020." ECF No. 16 at 20; *Surgicore*, 2024 WL 3835149, at *5. Here again, I find Judge Brodie's reasoning in *Surgicore* persuasive on this point, and adopt her holding that the primary jurisdiction doctrine should apply in this case and that "the [WCB] should have the 'initial decisionmaking responsibility' in this action" because: (a) the WCB has technical expertise in this area of law; (b) the WCB's expertise would materially aid in resolving factual questions; (c) it is unclear whether there is a danger of inconsistent rulings between the WCB and this Court; (d) there is a concern that this Court will resolve Plaintiff's claims in a way that would work at a cross-purpose with the WCB; and (e) the

3

advantages of having the WCB adjudicate the claims outweigh any potential cost of delay in the action. *See Surgicore*, 2024 WL 3835149, at *5–9. Accordingly, I stay the action until the WCB has an opportunity to adjudicate the claims raised in the Complaint.

## **CONCLUSION**

For the reasons discussed above, the Court grants in part and denies in part Defendant's motion. The Court denies Defendant's motion to dismiss for failure to state a claim, but grants Defendant's motion to stay the action pending the New York Workers' Compensation Board's adjudication of the issues raised in this action. The parties are directed to provide a status update on or before December 18, 2024.

SO ORDERED.

                                                    */s/ Hector Gonzalez*
                                                     HECTOR GONZALEZ
                                                     United States District Judge

Dated: Brooklyn, New York
        September 19, 2024